1   CALDWELL LESLIE & PROCTOR, PC
    KELLY L. PERIGOE, State Bar No. 268872
2     perigoe@caldwell-leslie.com
    725 South Figueroa Street, 31st Floor
3   Los Angeles, California 90017-5524
    Telephone: (213) 629-9040
4   Facsimile: (213) 629-9022

5   WILLIAMS & CONNOLLY LLP
    Nicholas J. Boyle (*pro hac vice*)
6   David K. Baumgarten (*pro hac vice*)
    Eric J. Hamilton (Cal. Bar No. 296283)
7   725 Twelfth Street, N.W.
    Washington, DC  20005
8   Telephone:  (202) 434-5000
    Facsimile:  (202) 434-5029
9     nboyle@wc.com
      dbaumgarten@wc.com
10    ehamilton@wc.com

11  Attorneys for Plaintiffs
    CoStar Realty Information,
12  Inc.; Apartments, LLC

13              IN THE UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                     SOUTHERN DIVISION

16

17  COSTAR REALTY INFORMATION,        Case No. 8:15-cv-02111-JLS-KES
    INC., and APARTMENTS, LLC,
18                 Plaintiffs,         **HON. JOSEPHINE L. STATON**
19
           vs.                        **[PROPOSED] STIPULATED**
20                                     **PROTECTIVE ORDER**
21  APARTMENT HUNTERS, INC.,
    KEVIN SHAYAN, and STEVEN          **DISCOVERY MATTER**
22  SHAYAN,
                   Defendants.
23

24

25

26

27

28

## 1. **PRELIMINARY STATEMENT**

### a.  Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### b.  Good Cause Statement

This action is likely to involve trade secrets, customer lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Some of these materials and

1   information may be unknown to the opposing party or parties, or any employees of

2   a corporate party.  Accordingly, to expedite the flow of information, to facilitate

3   the prompt resolution of disputes over confidentiality of discovery materials, to

4   adequately protect information the parties are entitled to keep confidential, to

5   ensure that the parties are permitted reasonable necessary uses of such material in

6   preparation for and in the conduct of trial, to address their handling at the end of

7   the litigation, and serve the ends of justice, a protective order for such information

8   is justified in this matter. It is the intent of the parties that information will not be

9   designated as confidential for tactical reasons and that nothing be so designated

10  without a good faith belief that it has been maintained in a confidential, non-public

11  manner, and there is good cause why it should not be part of the public record of

12  this case.

13  **2.  DEFINITIONS**

14       2.1   Action: The currently pending suit, *CoStar Realty Information, Inc., et*

15  *al. v. Apartment Hunters, Inc, et al.*, Case No. 8:15-cv-02111-JLS-KES (C.D.

16  Cal.).

17       2.2   Challenging Party: a Party or Non-Party that challenges a designation

18  of information or items under this Order.

19       2.3   "CONFIDENTIAL" Information or Items: information (regardless of

20  how it is generated, stored or maintained) or tangible things that qualify for

21  protection under Federal Rule of Civil Procedure 26(c) (trade secrets or other

22  confidential research, development, or commercial information) or include

23  personal or other identifying information, that the Designating Party in good faith

24  believes in fact is confidential, and that is not generally available to the public.

25            Correspondence and other communications between the parties or

26  with nonparties may be designated as "CONFIDENTIAL" if the communication

27  was made with the understanding or reasonable expectation that the information

28

would not become generally available to the public.

    2.4    <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive information (regardless of how it is generated, stored or maintained) or tangible things, including without limitation product design information, non-public financial information, pricing information, and customer identification, disclosure of which to another Party or Non-Party might subject the Producing Party or Designating Party to competitive or financial injury or potential legal liability to third parties.

    2.5    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.6    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

    2.7    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

    2.9    <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>: CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items that the Producing Party or Designating Party believes, in good faith, would give the Receiving Party a direct competitive advantage that can

1    only be prevented by eliminating the risk of inadvertent disclosure.

2        2.10   House Counsel: attorneys designated herein who are employees of a

3    party to this Action.  Designated House Counsel for CoStar currently are Jonathan

4    Coleman and Jaye Campbell.  Additional House Counsel may be designated by

5    notice in writing to all parties.

6        2.11   Non-Party: any natural person, partnership, corporation, association,

7    or other legal entity not named as a Party to this action.

8        2.12   Outside Counsel of Record: attorneys who are not employees of a

9    party to this Action but are retained to represent or advise a party to this Action

10   and have appeared in this Action on behalf of that party or are affiliated with a law

11   firm which has appeared on behalf of that party, including support staff.  In

12   addition, all Parties acknowledge that Ellie Hourizadeh of McDermott, Will &

13   Emery shall be considered as additional Outside Counsel of Record for Apartment

14   Hunters for purposes of this Protective Order.  Additional Outside Counsel of

15   Record may be designated by notice in writing to all parties.

16       2.13   Party: any party to this Action, including all of its officers, directors,

17   employees, consultants, retained experts, and Outside Counsel of Record (and their

18   support staffs).

19       2.14   Producing Party: a Party or Non-Party that produces Disclosure or

20   Discovery Material in this Action.

21       2.15   Professional Vendors: persons or entities that provide litigation

22   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

23   demonstrations, and organizing, storing, or retrieving data in any form or medium)

24   and their employees and subcontractors.

25       2.16   Protected Material: any Disclosure or Discovery Material that is

26   designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

28

ONLY."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

To the extent either party wishes to use any Protected Material in a hearing or at trial, the parties shall meet and confer on appropriate procedures to protect that Information during the proceeding, consistent with the sealing requirements of the Court.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for

protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (collectively referred to as a "Designation Legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1          A Party or Non-Party that makes original documents available for

2    inspection need not designate them for protection until after the inspecting Party

3    has indicated which documents it would like copied and produced. During the

4    inspection and before the designation, all of the material made available for

5    inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

6    ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

7    documents it wants copied and produced, the Producing Party must determine

8    which documents, or portions thereof, qualify for protection under this Order.

9    Then, before producing the specified documents, the Producing Party must affix

10   the Designation Legend to each page that contains Protected Material. If only a

11   portion or portions of the material on a page qualifies for protection, the Producing

12   Party also must clearly identify the protected portion(s) (e.g., by making

13   appropriate markings in the margins).

14         (b) for testimony given in depositions or in other pretrial or trial

15   proceedings, any Party or the deponent (as a Designating Party) may identify on

16   the record (before the close of the deposition, hearing, or other proceeding) all

17   protected testimony and specify the level of protection being asserted.

18   Alternatively, when any Party, Deponent, or Designating Party has a good faith

19   belief that portions of the testimony contain Protected Material, it may invoke on

20   the record (before the close of the deposition, hearing, or other proceeding) a right

21   to treat the transcript as either "CONFIDENTIAL," "CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

23   ATTORNEYS' EYES ONLY" for up to thirty (30) days after receipt of a final

24   transcript of the deposition, hearing, or other proceeding.  At or before the

25   conclusion of the thirty (30) days, the Party or Designating Party must identify

26   which specific portions of the testimony shall continue to be designated as

27   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

28

EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the court reporter and all Parties, in writing, of the specific pages and lines of the transcript and recording that should be so designated.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a thirty (30) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Outside Counsel of Record for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" information is being used or discussed.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a Designation at any time that is consistent with the Court's Scheduling Order (for the purposes of this section the challenger shall be referred to as the "Challenging Party"). A party shall not be obligated to challenge the propriety of a designation of Protected Material at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, appealing, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and their respective staff;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Receiving Party, if a natural person;

(d) if the Receiving Party is an entity, such officers or employees (including without limitation House Counsel and their staff) of the Receiving Party who are

actively involved in the prosecution or defense of this case who, prior to any disclosure of Protected Material to such person, have been designated in writing by notice to all counsel and have signed Exhibit A to this agreement (Exhibit A to be maintained by the attorney designating such person), as well as staff of such individuals who have been designated in writing by notice to all counsel and have signed Exhibit A to this agreement.

(e) the Court and its personnel;

(f) court reporters and their staff, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed form attached as Exhibit 1 hereto.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k) the claims adjuster and his/her staff for Defendants' insurance carrier.

7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and their respective staff;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) if the Receiving Party is an entity, House Counsel (and their staff) of the Receiving Party who are designated in Paragraph 2.9 above or who are actively involved in the prosecution or defense of this case, and who, prior to any disclosure of Protected Material to such person, have been designated in writing by notice to all counsel and have signed Exhibit A to this agreement (Exhibit A to be maintained by the attorney designating such person).

(d) the Court and its personnel;

(e) court reporters and their staff, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed form attached as Exhibit 1 hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

1   (j) the claims adjuster and his/her staff for Defendants' insurance carrier.

2        7.4   <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE</u>

3   <u>ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by

4   the court or permitted in writing by the Designating Party, a Receiving Party may

5   disclose any information or item designated "HIGHLY CONFIDENTIAL –

6   OUTSIDE ATTORNEYS' EYES ONLY" only to:

7        (a) the Receiving Party's Outside Counsel of Record in this Action and their

8   respective staff;

9        (b) Experts (as defined in this Order) of the Receiving Party to whom

10   disclosure is reasonably necessary for this Action and who have signed the

11   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12        (c) the Court and its personnel;

13        (d) court reporters and their staff, and any other tribunal or dispute resolution

14   officer duly appointed or assigned in connection with this litigation;

15        (e) professional jury or trial consultants, mock jurors, and Professional

16   Vendors to whom disclosure is reasonably necessary for this Action and who have

17   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (f) the author or recipient of a document containing the information or a

19   custodian or other person who otherwise possessed or knew the information;

20        (g) during their depositions, witnesses and attorneys for witnesses, in the

21   Action to whom disclosure is reasonably necessary and who have signed form

22   attached as Exhibit 1 hereto.  Pages of transcribed deposition testimony or exhibits

23   to depositions that reveal Protected Material may be separately bound by the court

24   reporter and may not be disclosed to anyone except as permitted under this

25   Stipulated Protective Order;

26        (h) any mediator or settlement officer, and their supporting personnel,

27   mutually agreed upon by any of the parties engaged in settlement discussions; and

28

(i) the claims adjuster and his/her staff for Defendants' insurance carrier.

7.5     The parties specifically contemplate and hereby agree that during discovery either Plaintiffs or Defendants may request of the other permission to share particular documents or categories of documents designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" with a specified person or persons (including without limitation House Counsel) who would not otherwise be eligible to see such documents, pursuant to Sections 7.2, 7.3, and 7.4, above.  Such person or persons shall have been provided with a copy of this Order and have signed a document agreeing to be bound by it. In any such request, the party making such request will specifically identify the documents or categories of documents to be shared and will specifically identify the particular person or persons for whom access to the documents is sought. The Party receiving such request shall consider the request in good faith. If the Party receiving such request declines to give the requested consent, it will provide the Party making such request with a reasoned basis for doing so. If the Parties cannot come to an agreement, either Party may seek relief from the Court.

7.6     Every person given access to Protected Material shall be advised that the information is being disclosed or communicated pursuant and subject to the terms of this Protective Order and may not be used, disclosed, or communicated other than pursuant to the terms hereof.

7.7     <u>Retention of Copies During this Litigation</u>.  Copies of Protected Material shall be maintained only in the offices of:

(a) Outside Counsel of Record for the Receiving Party;

(b) House Counsel for the Receiving Party and their staff, to the extent supplied to House Counsel pursuant to Sections 7.2(d) and 7.3(c), above; and

(c) Experts and their staff, to  the  extent  supplied  to  Experts  pursuant to

Sections, 7.2(b), 7.3(b), and 7.4(b), above.

Copies of documents and exhibits containing Protected Material may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

7.8    Consent to Disclosure and Use in Examination. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Designating Party consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this Order prevent any counsel of record from utilizing Protected Material (1) in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Protected Material or who has personal knowledge of, or was an authorized or intended recipient of, the Protected Material, irrespective of which party produced such information, or (2) in connection with interviewing or preparing such a person to give testimony.  A witness who is shown documents or information containing Protected Material but who is not otherwise authorized to have access to copies of documents or testimony containing Protected Material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain Protected Material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e).

7.9    The Parties' Use of Its Own Protected Material.  This Order shall have no effect upon, and shall not apply to, the parties' use or disclosure of their own Protected Material for any purpose.

7.10    Manner of Use in Court Filings. In the event a party wishes to use any Protected Material in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2)

where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court, as set forth in Section 12.3, below.

      7.11  <u>Manner of Use in Hearing or at Trial</u>.  To the extent either party wishes to use any Protected Material in a hearing or at trial, the parties shall confer on appropriate procedures to protect that Information during the proceeding, consistent with the sealing requirements of the Court, as set forth in Section 12.3, below.

# 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or

1  encouraging a Receiving Party in this Action to disobey a lawful directive from

2  another court.

3  **9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

4      **PRODUCED IN THIS LITIGATION.**

5      (a) The terms of this Order are applicable to information produced by a Non-

6  Party in this Action and designated as "CONFIDENTIAL," "CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

8  ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in

9  connection with this litigation is protected by the remedies and relief provided by

10  this Order. Nothing in these provisions should be construed as prohibiting a Non-

11  Party from seeking additional protections.

12      (b) In the event that a Party is required, by a valid discovery request, to

13  produce a Non-Party's confidential information in its possession, and the Party is

14  subject to an agreement with the Non-Party not to produce the Non-Party's

15  confidential information, then the Party shall:

16      (1) promptly notify in writing the Requesting Party and the Non-Party

17  that some or all of the information requested is subject to a confidentiality

18  agreement with a Non-Party;

19      (2) promptly provide the Non-Party with a copy of the Stipulated

20  Protective Order in this Action, the relevant discovery request(s), and a reasonably

21  specific description of the information requested; and

22      (3) make the information requested available for inspection by the

23  Non-Party, if requested.

24      (c) If the Non-Party fails to seek a protective order from this court within 14

25  days of receiving the notice and accompanying information, the Receiving Party

26  may produce the Non-Party's confidential information responsive to the discovery

27  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

28

not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

The parties must identify a large volume of documents and other materials to be retrieved, collected, reviewed and made available for review and copying by the opposing party.  The Court recognizes that it would unduly delay the proceedings in this case for each party to postpone document production in order to conduct a thorough review of all the potentially responsive records and materials in order to identify which are attorney-client privileged, protected from disclosure by the attorney work-product doctrine, or are otherwise immune from discovery.  In order to preserve the rights of all parties and to permit the matter to proceed in accordance with the rules and schedule prescribed by the Court, pursuant to Federal Rule of Evidence 502, the Court hereby orders:

11.1   Each party shall make best efforts to identify all information that it

deems privileged or subject to work product protection and to assert the privilege or protection if appropriate.

     11.2   Pursuant to Federal Rule of Evidence 502(d), if information subject to a claim of attorney-client privilege or work product protection or otherwise immune from discovery is inadvertently or mistakenly disclosed or produced by the Producing Party in this litigation, after the Producing Party took reasonable steps to prevent disclosure (hereinafter referred to as "inadvertently disclosed information"), such disclosure or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege or work product protection or immunity for such information and its subject matter.

     11.3   Pursuant to Federal Rule of Evidence 502(d) and (e), any inadvertent disclosure of the type described in Section 11.2 also does not waive any attorney-client privilege, attorney work product protection, or other immunity for such inadvertently disclosed information in any other federal or state proceeding, whether or not involving the parties to this agreement.

     11.4   In the event that a Receiving Party discovers that a Producing Party has produced inadvertently disclosed information that bears indicia of privilege (either attorney-client or work product), it shall promptly so notify the Producing Party through its undersigned counsel.

     11.5   No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege or other protection that the Producing Party had or may have had. In thereafter seeking production of the inadvertently disclosed information, the Receiving Party shall not assert waiver or estoppel as a ground for such production.  Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for the Receiving Party's disqualification.

     11.6   When a Producing Party gives notice to Receiving Parties that certain

1  inadvertently produced material is subject to a claim of attorney-client privilege,

2  attorney work product, or other protection, the obligations of the Receiving Parties

3  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

4  **12.MISCELLANEOUS**

5      12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

6  person to seek its modification by the Court in the future.

7      12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to

9  disclosing or producing any information or item on any ground not addressed in

10 this Stipulated Protective Order. Similarly, no Party waives any right to object on

11 any ground to use in evidence of any of the material covered by this Protective

12 Order.

13     12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any

14 Protected Material must comply with Civil Local Rule 79-5. Protected Material

15 may only be filed under seal pursuant to a court order authorizing the sealing of the

16 specific Protected Material at issue. If a Party's request to file Protected Material

17 under seal is denied by the court, then the Receiving Party may file the information

18 in the public record unless otherwise instructed by the court.

19     12.4   <u>Duty to Ensure Compliance</u>.  Any party designating any person or

20 entity as a Receiving Party shall have the duty to reasonably ensure that such

21 person or entity observes the terms of this Protective Order and shall be

22 responsible upon breach of such duty for the failure of such person or entity to

23 observe the terms of this Protective Order.

24     12.5   <u>Modification and Exceptions</u>.  The parties may, by stipulation,

25 provide for exceptions to this Order and any party may seek an order of this Court

26 modifying this Protective Order.

27

28

13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above, (DURATION).

14. **VIOLATIONS**.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

May 12, 2016
_____
DATED

/S/
_____
Kelly L. Perigoe (Cal. Bar No. 268872)
CALDWELL LESLIE & PROCTOR, PC
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017-5525
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
perigoe@caldwell-leslie.com

WILLIAMS & CONNOLLY LLP
Nicholas J. Boyle (*admitted pro hac vice*)
David K. Baumgarten (*admitted pro hac vice*)
Eric J. Hamilton (Cal. Bar No. 296283)
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (phone)
(202) 434-5029 (facsimile)

*Attorneys for CoStar Realty Information, Inc., and Apartments, LLC*

May 11, 2016
_____
DATED

_____
Lincoln D. Bandlow (SBN 170449)
lbandlow@foxrothschild.com
Margo J. Arnold (SBN 27288)
marnold@foxrothschild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:  310.598.4150
Facsimile:   310.556.9828

*Attorneys for Apartment Hunters, Inc., Kevin Shayan, and Steven Shayan*

1       The Court has reviewed the parties' Proposed Stipulated Protective Order.  For

2   good cause shown,  IT IS SO ORDERED.

3   DATED:___May 16, 2016_____     _____

4                   Hon. Karen E. Scott

5                   United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *CoStar Realty Information, Inc., et al. v. Apartment Hunters, Inc, et al.*, Case No. 8:15-cv-02111-JLS-KES (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____