JS-6

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., and APARTMENTS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>APARTMENT HUNTERS, INC., KEVIN SHAYAN, and STEVEN SHAYAN,<br><br>Defendants. | Case No. 8:15-cv-02111-JLS-KES<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br>The Honorable Josephine L. Staton |

## JUDGMENT

Pursuant to the stipulation of Plaintiffs CoStar Realty Information, Inc., and Apartments, LLC, (collectively, "Plaintiffs" or "CoStar") and Defendants Apartment Hunters, Inc. ("AHI"), Kevin Shayan, and Steven Shayan (collectively, "Defendants"), this Court hereby ORDERS that final judgment shall be and is hereby entered in this action as follows:

1. Judgment is hereby entered in favor of Plaintiffs and against Defendant AHI on Plaintiffs' claims of copyright infringement and misappropriation.

2. Defendants are providing consideration to Plaintiffs by entering into the separate Release and Settlement Agreement signed by the Parties. Plaintiffs and Defendants shall each bear their own attorneys' fees and costs in this action.

## PERMANENT INJUNCTION

Pursuant to the stipulation of Plaintiffs and Defendants, and for good cause shown, this Court hereby ORDERS that a Permanent Injunction is entered as follows:

1. For the purposes of this Permanent Injunction, the following definitions shall apply:

    a. "AHI" shall mean Defendant Apartment Hunters, Inc., and any parent, subsidiary, sister company, affiliate, related entity, assignee, transferee, designee, alter ego, or successor in interest.

    b. The "AHI System" shall mean the AHI Websites, as defined below, the services accessible through such websites, and any servers, software, and electronic data that make up or support such websites and services, as well as any other websites or social media accounts associated with such websites.

    c. The "AHI Websites" shall mean any and all websites owned or

operated, now or in the future, by

    i. AHI;

    ii. any parent, subsidiary, sister company, affiliate, related entity, assignee, transferee, designee, alter ego, or successor in interest of AHI; or

    iii. any other corporate entity owned or operated, now or in the future by any employee, owner, shareholder, or officer (as of the date of this Permanent Injunction) of any entity set forth in paragraphs 1(c)(i)-(ii) above,

which (i) disseminates property rental information, including but not limited to the websites presently located at www.apartmenthunterz.com, www.featuredrentals.com, www.ifindrentals.com, wetakesection8.com, 4rentinla.com, 4rentinnewyork.com, leaseinsandiego.com, rentinsanfrancisco.com, ineed2tomove.com, findforeclosuresnow.com, and foreclosureplaces.com, or (ii) utilizes any of AHI's: content, data, databases, source code, object code, other technology (excluding generic hardware, e.g. computer servers), domain names, trademarks, brands, assets, or goodwill.

    d. "Apartments.com" shall mean the websites operated by Plaintiffs, including the website presently located at www.apartments.com.

    e. "CoStar Photograph(s)" shall mean any and all copyrighted images (or portions thereof), whether in the form of a photograph, video, or other non-textual format, and whether now in existence or later created, in which Plaintiffs (including their parents, subsidiaries, or affiliates) own or control an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106).

    f. "CoStar Information" shall mean any and all property listing information or data, whether now in existence or later created, which (i) is

displayed on Apartments.com or any other website operated by Plaintiffs now or in the future; and (ii) Defendants obtained from CoStar, whether directly from CoStar or indirectly through a third party (or through a chain of third parties) which originally obtained the information or data from CoStar and which does not have CoStar's written authorization to distribute the information or data.  For the avoidance of doubt, CoStar Information does not include information or data which CoStar and Defendants each independently obtain (and each have independent authority to obtain) from the same common source.

     g.    "CoStar Content" shall mean any CoStar Photograph or CoStar Information.

2.    Defendants, and each of them, shall be permanently restrained and enjoined from (a) infringing, by any means, directly or indirectly, any exclusive rights under the Copyright Act in CoStar Photographs, or (b) publishing or displaying CoStar Information on the AHI Websites or otherwise misappropriating, by any means, directly or indirectly, any CoStar Information.

3.    Should CoStar obtain knowledge of any CoStar Content appearing on any AHI Website, the following notice and cure protocol (the "Notice and Cure Protocol") shall apply:

     a.    CoStar shall give written notice to AHI, and its counsel, as designated in paragraph 4.1 of the Release and Settlement Agreement, within ten (10) calendar days of CoStar obtaining knowledge of such CoStar Content appearing on AHI Website(s).

     b.    CoStar's notification shall provide (a) the URL(s) at which such CoStar Content appeared; (b) the date(s) on which CoStar believes such CoStar Content appeared on AHI Website(s); (c) the date(s) on which CoStar obtained knowledge that such CoStar Content appeared on AHI

Website(s); and (d) screenshot(s) showing all or substantially all of the page(s) on which the CoStar Content appeared on AHI Website(s).

    c.    Any notice lacking these requirements set forth in paragraph 3(a) and 3(b) above shall not be considered proper notice requiring action by AHI.

    d.    AHI shall, within ten (10) calendar days of receiving the above-described notification from CoStar, remove the CoStar Content from the AHI Websites and, to the extent reasonably possible, use the notification and limitation-of-service procedures described in paragraphs 8.b. and 8.c. below.

4.    Following the one-hundred-twenty (120) day period from the date of this Order (within which AHI must incorporate or cause to be incorporated into the operation of the AHI Websites the state-of-the-art photograph identification and filtering technology, supplied by PicScout, pursuant to paragraph 8 below), AHI shall be further enjoined from operating the AHI System and any website, system, or software that is substantially similar to the AHI System unless and until AHI incorporates or causes to be incorporated into the operation of such website, system, or software the state-of-the-art photograph identification and filtering technology as provided below in paragraph 8 below.

5.    To the greatest extent possible, understanding the impracticality of independently reviewing each individual listing sent by a data feed, AHI shall take reasonable steps to prevent third parties from submitting and uploading CoStar Content (that such third parties do not own) to the AHI Websites.

6.    AHI shall take reasonable steps sufficient to monitor and ensure that all persons within its control or employment (whether as independent contractors, employees, agents, partners, or in some other capacity) comply with this Permanent Injunction. Such steps shall include but are not limited to taking all reasonable corrective action with respect to any individual within AHI's control or

employment whom it determines is not in compliance with the terms of this Permanent Injunction, which may include training, disciplining, and/or terminating such individual.

7. Defendants shall continue to abide by the terms of use applicable to the products that Plaintiffs (including their parents, subsidiaries, or affiliates) operate including, without limitation, Apartments.com, Apartmentfinder.com, Land.com, and LoopNet.com.

8. Within one-hundred-twenty (120) days from the date of this Order, AHI shall incorporate or cause to be incorporated into the operation of the AHI System the state-of-the-art photograph identification and filtering technology, supplied by PicScout, which identifies CoStar Photographs. Plaintiffs shall be responsible for providing PicScout with the necessary access to CoStar Photographs to allow PicScout to apply the photograph identification technology against photos in the AHI System. Such photograph identification and filtering technology shall be based on digital fingerprinting technology unless and until a different technology has been proven to be more effective at identifying CoStar Photographs (if in the future any party identifies any such purportedly more effective technology, the parties shall negotiate in good faith the practical implementation and cost of such new technology). The photograph identification and filtering technology shall operate in-line on the AHI System, which means it shall complete its photograph identification and filtering simultaneously to the photograph being published and/or displayed on the AHI System. Notwithstanding the outer deadline of 120 days, AHI shall exercise good faith efforts to incorporate or cause to be incorporated into the operation of the AHI system the photograph identification and filtering technology, supplied by PicScout, as soon as it becomes reasonably practicable to do so.

    a. AHI shall permit PicScout to operate the filtering technology to

achieve maximum reasonable effectiveness in preventing display of CoStar Photographs on AHI Websites. AHI shall ensure that any and every photograph the AHI System acquires, whether acquired from a data feed, seed file, user upload, "speed post," data harvesting, or any other source, is analyzed by the filtering technology simultaneously to it being published and/or displayed on the AHI System.

      b.     Upon receipt of notification of Plaintiffs' ownership of any CoStar Photograph(s) appearing on any AHI Website(s), AHI will, as soon as reasonably practical, both remove the photograph from public display and notify the source of the photograph(s), if such source can be identified, of Plaintiffs' ownership and that such photographs cannot be displayed on such AHI Website(s). If the source is a user of the AHI System, AHI will notify the user, to the extent that such notification is possible, that the CoStar Photograph(s) has or have not been published due to Plaintiffs' ownership of the CoStar Photograph(s) and that, to the extent reasonably possible, if repeat acts of infringement or misappropriation are committed by the user, AHI will be required to restrict the user's access to the AHI System, as well as restrict the access of any entities with which it knows the user is affiliated.

      c.     Prima facie evidence of authorization to post CoStar Photographs must be obtained from any user, when reasonably possible, once a second instance of allegedly infringing or misappropriated CoStar Photographs are submitted by that user after removal of and notice concerning the first allegedly infringing or misappropriated CoStar Photographs have been sent to that user.

      d.     Plaintiffs and AHI expressly contemplate that Plaintiffs' legal representatives, and any individual or entity acting at their direction, may access the listings, including without limitation images of properties,

available on the front end of the AHI System to effectuate, and to monitor compliance with, the terms of this Permanent Injunction and Plaintiffs' intellectual property or other legal rights. To the extent AHI restricts outside access to listings, including without limitation images of properties, available on the AHI System, through password protection or otherwise, AHI shall provide Plaintiffs' legal representatives, or an individual or entity acting at their direction, a single password (free of charge) to access such restricted parts of the AHI System to which paying or permitted users have access, for purposes contemplated in this Permanent Injunction, notwithstanding any AHI System term of service, term of use, or other provision to the contrary. This provision does not entitle Plaintiffs or their legal representatives to access the AHI System's backend or servers.

9. If any of the Defendants sell, lease, license, convey, give away, or otherwise transfer or assign, any part of the source code, object code, other technology (excluding generic hardware, e.g. computer servers), domain names, trademarks, brands, assets, or goodwill in any way related to the AHI System, or otherwise cause or allow to occur a change of control of the business, operations, equity, or assets of AHI, (collectively, a "Transfer"), it/they will require, as a condition of any such Transfer, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) agree to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient and (b) agree to be bound by and comply with the injunctive terms herein.

This provision shall not apply to a purchaser, lessee, or other transferee or assignee (collectively, a "Brand Acquirer") if (a) the Brand Acquirer does not acquire any part of the content, databases, source code, object code, or other technology related to the AHI system, but instead only acquires domain

names, trademark, brands and/or goodwill related to the AHI System (a "Brand Acquisition") and (b) the Defendant(s) affirm in writing in advance of the Brand Acquisition that (i) Defendant(s) have made a reasonable good faith inquiry as to the Brand Acquirer's intentions for the Brand Acquisition; and (ii) based on such a reasonable good faith inquiry, Defendant(s) do not know or have reason to believe that Brand Acquirer is making the Brand Acquisition for the purpose of disseminating property rental information, whether online or offline, residential or commercial.

10. Defendants further shall not engage in a Transfer or Brand Acquisition with or to any person whom Defendants know or suspect is engaged in, or plans to engage in, conduct that would violate the terms of this Permanent Injunction.

11. Should CoStar satisfy the requirements of the Notice and Cure Protocol set forth in paragraphs 3(a)-(b) above, and should AHI fail to satisfy the requirements of the Notice and Cure Protocol set forth in paragraph 3(d) above, AHI shall be liable for damages which shall be calculated by adding (1) the sum of $10,000 multiplied by the number of days past the ten-day cure period each CoStar Photograph at issue is displayed on the AHI Website, and (2) the reasonable attorneys' fees and costs incurred by Plaintiffs in obtaining such damages. By way of example, if Plaintiffs provide the notice required by paragraph 3 and three CoStar Photographs continue to be published or displayed on the AHI System for five days past the ten-day cure period, the amount of damages may be up to $150,000 ($10,000 x 5 x 3), plus Plaintiffs' reasonable attorneys' fees and costs.

12. This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Judgment and Permanent Injunction or the parties' Release and Settlement Agreement. Any such matters shall be raised by noticed motion. The parties irrevocably and fully

waive and relinquish any argument that venue or jurisdiction by the Court is improper or inconvenient.

13. The parties irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

14. Defendants shall give notice of this Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them, to the extent such persons exist, and to request adherence to the terms of this Permanent Injunction.

15. This Permanent Injunction does not create any independent duties other than those previously specified.

16. For the purposes of clarity, the Court holds the following:

    a. The Court has personal jurisdiction over all Defendants; and

    b. Judgment is entered only against AHI. No judgment or monetary damages are entered against the individual defendants, Kevin Shayan and Steven Shayan.

17. This Permanent Injunction enjoins the conduct of Defendants wherever they may be found, including, without limitation, outside of the United States.

////
////
////
////
////

16. Plaintiffs shall not be required to post any bond or security, and Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

**IT IS SO ORDERED.**

**Dated:** March 27, 2017

THE HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE